2013 ND 222

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Dale J. CRAFT, a Person Admitted to the Bar of the State of North Dakota

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

**v.**

**Dale J. Craft, Respondent.**

**No. 20130318.**

Supreme Court of North Dakota.

Dec. 4, 2013.

PER CURIAM.

[¶ 1]   The Court has before it a Stipulation, Consent to Discipline and Recommendations by the Hearing Panel of the Disciplinary Board recommending Dale J. Craft be suspended from the practice of law in North Dakota for 120 days, effective when, and if, he applies for relicensure, and recommending that he pay costs of the disciplinary proceeding in the amount of $500 for violations of the North Dakota Rules of Professional Conduct.   We accept the stipulation, consent to discipline, and recommendations.   We suspend Craft from the practice of law for 120 days, effective when, and if, he applies for relicensure, and we order him to pay costs of the disciplinary proceeding.

[¶ 2]   Craft was admitted to practice law in North Dakota on April 16, 1984. Craft has not paid his annual license fee since 2011; therefore, he has not been licensed since December 31, 2011.

[¶ 3]   Craft admitted service of a Summons and Petition for Discipline on October 7, 2012.   He filed a response to the Petition for Discipline on October 29, 2013. Disciplinary Counsel, Craft's counsel, and

Craft entered into a stipulation and consent to discipline. The Hearing Panel of the Disciplinary Board filed a Stipulation, Consent to Discipline and Recommendations of Hearing Panel with this Court on October 10, 2013.

[¶ 4] In the Stipulated Facts and Conclusions of the Stipulation, Consent to Discipline and Recommendations of Hearing Panel, Craft admitted the following facts. In 1994, Craft began the representation of Violet Thurn as personal representative of the estate of Gertrude Thurn, including a claim for Gertrude Thurn's wrongful death. In February 1995, the wrongful death claim resulted in a $67,250 settlement payment to the estate. At that time, the Department of Human Services had an unresolved claim against the estate. Craft placed the settlement proceeds in his law office trust account. By the end of 1995, Craft withdrew one-third of the settlement money from the trust account as his contingent fee.

[¶ 5] On October 31, 2002, Craft closed his law office but continued to practice law on a limited basis from his home. The settlement proceeds remained in Craft's trust account until August 2003 when he transferred it to his law office savings account. Thereafter, Craft transferred the settlement proceeds to several other accounts which, though interest bearing, were not trust accounts for holding client funds. Craft fully retired at the end of 2011.

[¶ 6] On November 16, 2011, Craft issued checks to Violet Thurn, as personal representative of the estate of Gertrude Thurn, in trust for each of six heirs. On February 1, 2012, Craft issued an additional check to correct an error he discovered after issuing the checks on November 16, 2011. The checks totaled $71,049.26, which Violet Thurn agreed exceeds the total of the settlement amount of $67,250, plus accumulated interest and dividends, less taxes paid by Craft on the account dividends and interest.

[¶ 7] On June 22, 2012, Violet Thurn, with the assistance of a lawyer other than Craft, filed a petition for formal adjudication of intestacy, appointment of personal representative, and determination of heirs. By order dated January 13, 2013, the Court approved the personal representative's final account and distribution and closed the estate.

[¶ 8] Craft admitted he failed to adequately communicate with his client concerning the status of the matter and the wrongful death settlement proceeds he was holding. He further admitted that he failed to keep the property of the client or third persons which was in his possession separate from his own property and that he failed to promptly notify the heirs of his receipt or disposition of the settlement funds in which the heirs had an interest. Craft admitted his conduct violated N.D.R. Prof. Conduct 1.3, Diligence; N.D.R. Prof. Conduct 1.4(a), Communication, N.D.R. Prof. Conduct 1.4(b), Communication; N.D.R. Prof. Conduct 1.15(a), Safekeeping Property; and N.D.R. Prof. Conduct 1.15(d), Safekeeping Property. He agreed that under N.D. Stds. Imposing Lawyer Sanctions 4.12 and N.D. Stds. Imposing Lawyer Sanctions 4.42(b), suspension is the generally appropriate sanction in this matter. The Hearing Panel recognized mitigating factors of the absence of a prior disciplinary record, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, character or reputation, and remorse. It also recognized that Craft retired from the practice of law and, at 76 years of age, does not plan to seek relicensure.

[¶ 9] Craft agreed that as a sanction for violation of the Rules of Professional Conduct, he be suspended from the prac-

tice of law for 120 days, effective when, and if, he applies for relicensure. He also agreed to pay the costs and expenses of the disciplinary proceeding in the amount of $500.

[¶ 10]  This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F).  Objections to the stipulation, consent to discipline and recommendations by the Hearing Panel were due within 20 days of the service of the report of the Hearing Panel. No objections were received, and the matter was submitted to the Court for consideration.  The Court considered the matter, and

[¶ 11]  **ORDERED,** that the stipulation, Consent to Discipline, and Recommendations of the Hearing Panel is accepted.

[¶ 12]  **IT IS FURTHER ORDERED,** that Dale J. Craft is suspended from the practice of law for 120 days, effective when, and if, he applies for relicensure.

[¶ 13]  **IT IS FURTHER ORDERED,** that Craft must pay the costs and expenses of these disciplinary proceedings in the amount of $500 within 30 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 14]  GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., Concur.